IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUILTRITE, LLC, d/b/a BUILTRITE MANUFACTURING, | No. 4:25-CV-00109 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WYNN TEC, INC. and BRIAN WYNN, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

JUNE 6, 2025

## I.   BACKGROUND

On January 17, 2025, Plaintiff Builtrite, LLC ("Builtrite") filed a four-count Complaint against Defendants Wynn Tec, Inc. ("Wynn Tec") and Brian Wynn ("Wynn").[1] After returning a waiver of service form on February 10, 2025, Defendants have failed to appear before this Court. Builtrite moved for entry of default on April 8, 2025 only as to Brian Wynn and default was subsequently entered by the Clerk of Court.[2] Then, Plaintiff moved for default judgment against Wynn.[3] Still, Wynn has refused to respond, and therefore the motion is now ripe for disposition. For the reasons that follow, the motion is denied without prejudice.

---

[1]   Compl., Doc. 1.
[2]   Request for Entry of Default, Doc. 9; Clerk's Entry of Default, Doc. 10.
[3]   Motion for Entry of Default, Doc. 12.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[4] "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[5] "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[6] It is "well settled that decisions relating to default judgments are committed to the sound discretion of the district court."[7]

The Court must consider three factors in deciding whether to grant default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[8] "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)."[9]

---

[4] Fed. R. Civ. P. 55(b)(2).
[5] *Kibbie v. BP/Citibank*, 2010 WL 2573845 at *2 (M.D. Pa. June 23, 2010).
[6] 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[7] *Pesotski v. Summa & Lezzi, Inc.*, 2017 WL 3310951 at *2 (M.D. Pa. Aug. 3, 2017).
[8] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).
[9] *Deutsche Bank Nat. Trust Co. v. Strunz*, 2013 WL 122644 at *1 (M.D. Pa. Jan. 9, 2013).

In cases where a defendant fails to appear, this Court may enter default judgment "based solely on the fact that the default has occurred."[10]

Although default judgment is warranted in this case, that "is not the end of the inquiry."[11] First, the Court must consider whether the "unchallenged facts constitute a legitimate cause of action."[12] Although the defaulting party does not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[13] Plaintiff's complaint asserted: one count of breach of contract against Wynn Tec; one count of unjust enrichment against Wynn Tec; one count of account stated against Wynn Tec; and one count of piercing the corporate veil against Wynn Tec and Wynn.

The Supreme Court of Pennsylvania has observed that "[a] request to pierce the corporate veil is not an independent cause of action, but rather is a means of imposing liability established in an underlying cause of action, such as tort or breach of contract, against another."[14] This poses a fundamental issue for Plaintiff's attempt to secure default judgment as Wynn Tec has not incurred any liability. Without that, or any argument from Plaintiff that such a finding is unnecessary, the Court declines to pierce the corporate veil at this juncture.

---

[10] *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990).
[11] *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849 at *1 (M.D. Pa. July 11, 2016).
[12] *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008).
[13] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[14] *Commonwealth v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1035 (Pa. 2018).

In accordance with the above, this Motion for Entry of Default Judgment is **DENIED WITHOUT PREJUDICE**. Plaintiff may move for entry of default against Wynn Tec and then seek entry of default judgment again should it so choose.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge